ARMOUR FERTILIZER WORKS *v.* EUPHA FINNELL

(No. 7232)

Submitted May 5, 1932. Decided May 17, 1932.

*John E. Jenkins, Wilbert H. Norton,* and *A. F. Rackerby,* for plaintiff in error.

*O. J. Deegan* and *Connor Hall,* for defendant in error.

WOODS, JUDGE:

Armour Fertilizer Works, a creditor of Eupha Finnell, a non-resident, instituted an action of assumpsit against the latter to recover $3,500.00 due on promissory notes given in 1926 and 1927, and attached sixty-three shares of stock standing in her name on the books of the Ridge Land Company, a West Virginia coroporation. Mary Finnell, daughter of defendant, intervened, claiming ownership of the stock, the worth of which was established at approximately $100.00 per share. On a former hearing *(Armour Fertilizer Works* v. *Finnell,* 110 W. Va. 416, 158 S. E. 510) the case was remanded on the ground that the verdict was without evidence to support it, the Court pointing out in its opinion, to which reference is made for a full statement of the facts, that it clearly appeared from the record that the intervenor, at the time of the execution of the bill of sale to her, did not have any of the inheritance money received from her grandfather's estate with which she could have paid her mother cash for the stock. On the re-trial the issue was limited to the ownership of the certificate of twenty-six shares held by the First Huntington National Bank to secure an indebtedness of $800.00. The consideration, as set out in the bill of sale, was $1,736.45 cash, and the assumption of the above indebtedness. A verdict for the intervenor was returned, and from the judgment entered thereon, this writ is prosecuted.

The record is substantially the same as that considered on the former hearing. The same depositions were read to the jury in both cases. No supplemental statements were offered on behalf of either the mother or daughter in further explanation of their several dealings. The evidence of the assistant cashier of the First Huntington National Bank, however, is new. The latter testified that the $800.00 indebtedness had been curtailed to the extent of $125.00; that he did not know who reduced it; that a number of the interest checks received on renewals of the note were signed by Mary Finnell; that the bank never received any notice concerning the alleged

transfer of the stock to Mary Finnell; and that all renewals were signed by Eupha Finnell.

The case was submitted to the jury on two instructions. In the second paragraph of the one given on behalf of the intervenor, the jury were told, in effect, that if they believe from the evidence that the mother, at the time of the agreement of transfer was indebted to both the daughter and the Fertilizer Company, and that the transfer of the twenty-six shares to the daughter may have operated to prevent the Fertilizer Company from collecting its debt by reason of the fact that there was not left property with which to pay it, nevertheless such fact of itself alone would not constitute a transfer with intent to hinder, delay or defraud creditors of the mother. This was entirely unwarranted by the evidence. The evidence on the former record and as it now stands is that the daughter had no funds with which to pay the cash consideration at the time of the execution of the bill of sale. If there had been any showing that the daughter was a substantial creditor some such charge would have been proper. Under the circumstances, it is erroneous. The first paragraph of the same instruction is misleading in that it refers to the $800.00 indebtedness, and ignores the alleged cash consideration. The jury have been misled in finding. for the intervenor. The mother's financial difficulties, her several dealings with her children, the plain misstatement of a fictitious cash consideration, the inadequacy of the alleged assumption of the $800.00 indebtedness, and the relationship of the parties, placed the burden upon the daughter of proving by clear and convincing evidence a relationship of debtor and creditor existing between the mother and daughter at the time of the execution of the bill of sale. As in the former hearing, the verdict is not supported by the evidence.

The judgment is therefore reversed, the verdict of the jury set aside and a new trial awarded the Armour Fertilizer Works.

*Reversed; verdict set aside; new trial awarded.*